1:26MJ2028

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Oscar A. Dario-Monterroso, being sworn, depose and state the following:

## INTRODUCTION & AGENT BACKGROUND

1.      This affidavit is being submitted for the limited purpose of establishing probable cause that Brandon Blackman ("BLACKMAN") has violated Title 18, United States Code, 18 § 115, Influencing, Impeding, or Retaliating Against a Federal Official by Threatening or Injuring a Family Member.

2.      I am a Deputy United States Marshal ("DUSM") with the United States Marshals Service ("USMS") assigned to the Northern District of Ohio, Cleveland Office, and have been employed with the USMS since January 2023.  I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request an arrest warrant.  During my tenure as a DUSM, I have completed approximately 400 hours of instruction at the Federal Law Enforcement Training Center ("FLETC") and the USMS National Training Academy.  Some of my duties as a DUSM are protecting the federal judiciary, apprehending fugitives with local, state, and federal warrants, housing and transporting federal prisoners, and executing civil and criminal processes.  I have attended USMS protective investigations training on policies and procedures associated with conducting assessments and full investigations. The training also provided the knowledge, skills, and ability needed to identify, assess, investigate, and mitigate threats to USMS-protected persons, facilities, and events. I have also attended trainings hosted by the Federal Bureau of Investigations Joint Terrorist Task Force which consists of multi-agency teams that investigate and prevent terrorist acts, both international and domestic across the United States.

1

3.      In my capacity as a DUSM, I have investigated cases involving threats to the federal judiciary, threats to other protected persons, and threats to USMS personnel. I have also been assigned the lead on collateral leads we have received from other districts and have assisted other DUSMs with their cases during their investigation.

4.      The information in this affidavit is not intended to detail each and every fact and circumstance of the investigation or all the information known to me and other law enforcement investigators.  Rather, this affidavit serves to establish probable cause for BLACKMAN'S arrest.

5.      The information in this affidavit is based on my personal knowledge, my training and experience, my conversations with others involved in this investigation, and my review of reports and records related to this investigation.

**PROBABLE CAUSE**

6.      On January 23, 2025, Brandon BLACKMAN was indicted in United States of America v. Blackman, Case No. 1:2025-CR-00034, in the United States District Court for the Northern District of Ohio, with two counts of Being a Felon in Possession of Firearm and Ammunition, in violation of 18 United States Code 18 §§ 922(g)(1) and 924(a)(8). On January 12, 2026, BLACKMAN appeared before United States District Court Judge Patricia A. Gaughan for a final pre-trial hearing. During the hearing, BLACKMAN began to interrupt Judge Gaughan and then continued to talk over her. After a few warnings from the Judge, Judge Gaughan instructed the USMS personnel present during the hearing to remove BLACKMAN from the courtroom.

7.      On the morning of January 27, 2025, BLACKMAN was transported to Carl B. Stokes Federal Courthouse, since BLACKMAN was scheduled to appear before Judge Gaughan for trial. Present in the courtroom at the defense table were Federal Public Defenders Timothy Ivy and Darin Thompson on behalf of the defendant as well as the defendant Brandon BLACKMAN.

Present in the courtroom at the prosecution table were Assistant United States Attorneys ("AUSA") Kristen Rolph and Toni Schnellinger-Feisthamel on behalf of the Government, and they were accompanied by Alcohol, Tobacco, Firearms and Explosives ("ATF") Special Agent ("SA") Brian Middaugh. Also present in the courtroom were DUSM Colin Hornish, Detention Security Officer ("DSO") David Kasulones, and other court staff.

8.      The following facts of the incident were annotated in a report that was written by DUSM Colin Hornish.

9.      On January 27, 2026, at approximately 10:35 a.m., prior to the start of jury selection, BLACKMAN was brought up to the courtroom. BLACKMAN began aggressively speaking over Judge Gaughan repeatedly yelling "Where was my initial appearance?" and "Where was my bond hearing?" These statements being made by BLACKMAN quickly turned into threats against AUSA Rolph, AUSA Schnellinger-Feisthamel, as well as SA Middaugh. BLACKMAN began by directing these threats to AUSA Rolph and AUSA Schnellinger-Feisthamel stating that he "would kill you (AUSA Rolph), and your family white bitch." BLACKMAN then turned to AUSA Schnellinger-Feisthamel and stated, "I will kill your kids, bitch". These two threats were made approximately 3-4 times. The threats by BLACKMAN then turned to ATF Agent Middaugh, as he stated that he "will kill your (Agent Middaugh) wife and mother". BLACKMAN stated these threats were going to take place when he "gets out". Judge Gaughan repeatedly attempted to de-escalate the situation, but BLACKMAN continued to yell and speak over her.

10.      Upon these threats becoming more aggressive and louder, Judge Gaughan instructed DUSM Hornish and DSO Kasulones to remove BLACKMAN from the courtroom. As BLACKMAN was being escorted out of the courtroom, BLACKMAN yelled to Judge Gaughan "I'll kill you too, white bitch" and "I will kill you like your dead son, bitch".

3

11.     Once BLACKMAN was removed from the courtroom and placed in a holding cell on the 19th floor, both defense attorneys requested permission to speak to BLACKMAN. Defense counsel was permitted to enter the holding cell area to discuss how the trial was going to proceed. While defense counsel had a couple of minutes of discussion with BLACKMAN, BLACKMAN attempted to spit towards defense counsel Darin Thompson from behind the cell door. After the attempt, the defense counsel removed themselves from the holding cell area and returned to the courtroom.

12.     Shortly after, BLACKMAN was allowed to re-enter the courtroom for jury selection. Judge Gaughan asked BLACKMAN if he would be able to cooperate in the proceedings. BLACKMAN initially agreed to cooperate, however approximately 5 minutes later he stated to his counsel that he would not cooperate. BLACKMAN was escorted out of the courtroom, and placed in the holding cell where he would watch the proceedings remotely.

13.     On January 27, 2026, I was made aware of the incident that occurred in Judge Gaughan's courtroom regarding BLACKMAN'S conduct. I assumed the lead investigative role for the case. After reviewing DUSM Hornish's incident report, I contacted DUSM Hornish and DSO Kasulones to gather any further information regarding the incident.

14.     On the morning of January 28, 2026, Judicial Security Inspector ("JSI") Ian Coughlin spoke to Judge Gaughan regarding the threats that were made towards her and her son. JSI Coughlin provided a statement from their conversation, in which she expressed that she is very concerned about the threats that were made.

15.     On the evening of January 28, 2026, I spoke with AUSA Rolph, AUSA Schnellinger-Feisthamel, and SA Middaugh. All three victims provided written statements from the incident that occurred in the courtroom prior to jury selection. In their statements, from their

recollection, each of them described the incident as intimidating, threatening, and serious.

16.     All of the listed victims above qualify pursuant to Title 18, United States Code, Section 115, as either a "United States judge", "Federal law enforcement officer" or an "immediate family member".

## CONCLUSION

17.     The above facts set forth probable cause to believe that BLACKMAN in fact attempted to Influence, Impede, or Retaliate Against a Federal Official or Family Member by Threatening or Injuring a Federal Official or Family Member, and thereby violated Title 18, United States Code, Section 115.

18.     I, therefore, respectfully request that the attached complaint be issued and that an arrest warrant be issued for Brandon BLACKMAN.

_____
Oscar A. Dario-Monterroso
Deputy United States Marshal
United States Marshals Service


    Sworn to via telephone after submission by reliable electronic means. Fed. R. Crim. P. 4.1; 41(d)(3) this 30th day of January, 2026.


_____
DAVID R. GRAND
CHIEF UNITED STATES MAGISTRATE JUDGE